IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BAYADER FOODER TRADING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREGORY L. WRIGHT, and )<br>WRIGHT FARMS 1 HAYMAKERS INC., )<br>)<br>Defendants. ) | Case No. 1:13-cv-02856<br><br>District Judge Breen<br>Magistrate Judge Bryant |

## REPORT AND RECOMMENDATION

Before the Court is the September 21, 2015, letter of Defendant Gregory L. Wright (D.E. 57), which the Court construes as a motion to set aside the Clerk's entry of default (*see* D.E. 56). The motion has been referred to the United States Magistrate Judge for a report and recommendation and/or determination and a hearing, if necessary (D.E. 58).

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside entry of default for good cause. As the Sixth Circuit noted in *Shepard Claims Service, Inc. v. William Darrah & Associates*, "[s]ince entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies whether considering a motion under Rule 55(c) or Rule 60(b). In practice a somewhat more lenient standard is applied to Rule 55(c) motions where there has only been an entry of default than to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). The three factors courts consider in making a determination are whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v.*

*Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "The court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default." *Shepard* at 194-95.

Here, on June 17, 2015 the Court directed the Defendants to advise the Court within thirty days of the name(s) of their new counsel or, in the case of Mr. Wright, if he would be proceeding *pro se*. Having failed to do so, on July 23, 2015 the Court entered the Order to Show Cause Why Default Should Not be Entered Against Defendants. The Clerk's Entry of Default occurred on September 2, 2015. In the Motion to Set Aside, filed on September 21, 2015, Defendant Wright states that he was unaware he was in default, that he has no money and no attorney, he disputes the allegations, and he asks the court for two weeks to find an attorney. Mr. Wright goes on to say that "I need two weeks to find someone…then if I cannot you can go ahead and rule to them." Defendants have had more than the two weeks requested to find an attorney, but there has been no activity in the case since that time. Because Defendants have had more than ample time to find an attorney or, in the case of Mr. Wright, advise that he would be proceeding *pro se*, but have not done so, and because Defendants have advised that if they cannot find an attorney then the Court should proceed with the default judgment, the Magistrate Judge recommends that the District Court deny this Motion to Set Aside.

Respectfully Submitted this 7th day of March, 2016.

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**