IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BAYADER FOODER TRADING, LLC,

    Plaintiff,

v.                              No. 13-2856

GREGORY L. WRIGHT and
WRIGHT FARMS 1 HAYMAKERS, INC.,

    Defendants.

_____

ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE
_____

According to the docket in this matter, the Plaintiff, Bayader Fooder Trading, LLC, sought and obtained entry of default against the Defendants, Gregory L. Wright and Wright Farms 1 Haymakers, Inc., issued by the Clerk of Court on September 2, 2015. (D.E. 56.) On September 21, 2015, the individual Defendant made a filing construed by the Court as a motion to set aside the Clerk's entry of default (D.E. 57), which was referred to the United States Magistrate Judge (D.E. 58). On March 7, 2016, the magistrate judge entered a report and recommendation recommending that the motion be denied. (D.E. 59.) No objections to the report and recommendation were filed and, in an order entered April 4, 2016, this Court adopted the report and denied the motion to set aside the entry of default. (D.E. 60.) The docket reflects no additional filings since that date.

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ.

1

P. 55(a). Entry of default under subparagraph (a) is, however, merely the first step on the way to default judgment. *Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012). Default judgment is provided for under Rule 55(b), which states that

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Here, the Clerk has entered default under subsection (a). In order to obtain default judgment, the Plaintiff must move therefor subsequent to the entry of default. As it has to date failed to do so, the Plaintiff is hereby directed to show cause, within eleven (11) days of the entry of this order, why its claims against the Defendants should not be dismissed for failure to prosecute in accordance with Fed. R. Civ. P. 41. In responding to this show cause order, the Plaintiff must inform the Court of the reasons for its failure to seek default judgment. Failure to respond sufficiently and in a timely manner to the Court's order may result in dismissal of its claims.

IT IS SO ORDERED this 13th day of May 2016.

                                                s/ J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE